UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HARRY MEYERS (#498718)                                CIVIL ACTION

VERSUS

MSGT. JASON BARBIER                                   NO.: 14-00464-BAJ-SCR

RULING AND ORDER

Before the Court is Defendant Master Sergeant Jason Barbier's ("Defendant") **Motion for Summary Judgment (Doc. 16)**, seeking an order from this Court granting summary judgment in his favor on Plaintiff Harry Meyers's ("Plaintiff") 42 U.S.C. § 1983 claim of excessive force. Defendant also seeks an order from this Court declining to exercise supplemental jurisdiction over Plaintiff's state law claim of negligence. The motion is opposed. (Doc. 20). Oral argument is not necessary. Jurisdiction is proper under 28 U.S.C. § 1331.

I.  BACKGROUND

On July 25, 2014, Plaintiff, an inmate at Elayn Hunt Correctional Center ("EHCC"), filed this action against Defendant alleging that Defendant used excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment under the United States Constitution. (Doc. 1). Plaintiff additionally alleges, in the alternative, negligence under La. Civ. Code arts. 2315 and 2321.

Specifically, Plaintiff alleges that on November 14, 2013, Defendant, an employee and Master Sergeant of the Louisiana Department of Corrections at EHCC, intentionally caused Plaintiff to sustain a broken wrist. (*Id.* at p. 2). Plaintiff alleges that he was sitting on a steam table when Defendant approached him and stated, "B\*\*ch get off that table." (*Id.*). Plaintiff alleges that in response he stated, "Are you serious?" (*Id.*). After the alleged exchange, Plaintiff claims that Defendant grabbed his legs, which were daggling off the table, and pulled him aggressively onto the concrete floor. (*Id.*). As a result, Plaintiff alleges that he sustained a broken wrist.[1] Following the incident, Plaintiff alleges that Defendant attempted to use "psychology and bribery with cigarettes" to prevent him from reporting the incident, which Plaintiff eventually reported to a social worker. (*Id.*).

In the instant motion, Defendant seeks summary judgment on Plaintiff's excessive force claim and moves the Court to decline supplemental jurisdiction on Plaintiff's negligence claim under state law. (Doc. 16-2). Defendant avers that he is entitled to qualified immunity because Plaintiff failed to allege that he had sufficient personal involvement in Plaintiff's injury and failed to show that his actions against Plaintiff were malicious. (Doc. 16-2 at p. 4). Defendant further argues that Plaintiff cannot present sufficient evidence to prove excessive force was used. (Doc. 16-2 at p. 5). In opposition, Plaintiff contends that Defendant is not

---

[1] Plaintiff's Complaint also alleges that he sustained "other injury." However, Plaintiff has failed to identify in his filings with the Court the "other injury" he sustained. Thus, the Court will construe the reference to "other injury" as superfluous language embedded in the Complaint.

entitled to qualified immunity and that the issue of qualified immunity is not a jury question.[2] (Doc. 20 at p. 4). Additionally, Plaintiff attached five declarations from inmates housed with Plaintiff at EHCC.

Defendant filed a Reply (Doc. 22) and a Sur-Reply (Doc. 25), in which he argues that four of the declarations attached to Plaintiff's Opposition should be excluded because Plaintiff failed to disclose the declarants in his initial disclosures. Defendant contends that the initial disclosures were due by November 17, 2014, but Plaintiff never produced them. (Doc. 22-1 at p. 3).

## II. LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be genuinely disputed must support the assertion by citing materials in the record, including "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, [and] interrogatory answers" or that an adverse party cannot produce admissible evidence to support the presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c)(1).

---

[2] Plaintiff's contention that qualified immunity is not an issue for the jury is unfounded. While the defense of qualified immunity is usually decided before trial, "the defense of qualified immunity may be submitted to the jury" if it is not decided before trial. *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011).

3

"[W]hen a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quotation marks and footnote omitted). "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation marks and citations omitted). In determining whether the movant is entitled to summary judgment, the Court "view[s] facts in the light most favorable to the non-movant and draw[s] all reasonable inferences in her favor." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

In sum, summary judgment is appropriate if, "after adequate time for discovery and upon motion, [the non-movant] fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

#### A. Plaintiff's Failure to Disclose Declarants in Initial Disclosures

As an initial matter, the Court must address Defendant's assertion that four of the declarations[3] attached to Plaintiff's Opposition should be excluded due to

---

[3] Defendant only contends that the Court should exclude the declarations of Christopher Michael Lecce, Raymond Williams Rogers, Daniel Benoit, and Troy C. Jordan. (Doc. 22). Notably absent from Defendant's Reply and Sur-Reply is any reference to the declaration of Justin Saniford. (Doc. 20-1).

4

Plaintiff's failure to make Rule 26(a) initial disclosures and identify the declarants as individuals with discoverable information.

Under Rule 37(c)(1), if a party fails under Rule 26(a) to identify information, or in this case a witness, the party is prohibited from using the information, or witness, "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In evaluating whether a party's violation of Rule 26(a) is harmless, the Court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 401-02 (5th Cir. 2003) (citing *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir. 1998)).

Considering the four factors outlined above, the Court is satisfied that Plaintiff's failure to produce its initial disclosures and identify the declarants amounts to harmless error. First, the declarations are important as Plaintiff relies upon the declarations to oppose Defendant's Motion for Summary Judgment. Second, the prejudice to Defendant is minimal. While it is unknown whether Defendant would have deposed the declarants if the initial disclosures were made, the prejudice is diminished by the fact that Defendant did not conduct any depositions in this case, including the deposition of Plaintiff. (Doc. 22-1 at p. 3); *see*

---

Although Saniford's declaration is not explicitly mentioned by Defendant, the Court's ruling shall have an equally binding effect on Saniford's declaration as it does on the other four declarations.

*Miles v. HSC-Hopson Servs. Co.*, No. 14-11237, 2015 WL 5215971, at *2 (5th Cir. Sept. 8, 2015) (stating that opposing party's failure to perform any depositions arguably weighs in favor of the non-disclosing party). Third, trial in this matter is not until May 2, 2016, which provides four months to cure any potential prejudice before trial.

Finally, Plaintiff's failure to disclose is due to an inadvertence on the part of Plaintiff's counsel, who did not successfully transmit the initial disclosures through email.[4] Although counsel has an obligation to ensure that discovery is successfully produced, counsel's inadvertence, coupled with the other three factors discussed above, weighs in favor of a finding of harmless error.

### B.     42 U.S.C. § 1983: Qualified Immunity and Excessive Force

"Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.' [T]his provision safeguards certain rights conferred by federal statutes." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997) (citing *Maine v. Thiboutot*, 448 U.S. 1 (1980)). "A person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because

---

[4] Plaintiff's counsel relied upon a non-lawyer assistant to timely produce the initial disclosures to opposing counsel, however, there is no evidence to support the assertion that the initial disclosures were indeed emailed. At most, Plaintiff's counsel provided a declaration from the non-lawyer assistant attesting to the fact that she timely prepared the "pleading" and it is her "business practice" to send documents upon completion, but she did not save her email receipt to opposing counsel. (Doc. 24-1). Regardless of the non-lawyer assistant's business practice, it is Plaintiff's counsel's responsibility to confirm delivery and receipt of the discovery. Thus, the Court warns Plaintiff's counsel about her lack of diligence to ensure compliance with the Federal Rules of Civil Procedure and the Local Rules.

the wrongdoer is clothed with the authority of state law.'" *Thibodeaux v. Bordelon*, 740 F.2d 329, 333 (5th Cir. 1984) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Terry v. Hubert*, 609 F.3d 757, 761 (5th Cir. 2010) (quoting *Pearson v. Callahan*, 555 U.S. 223 (2009)). A public official is entitled to qualified immunity unless the plaintiff demonstrates that (1) the defendant violated the plaintiff's constitutional rights; and (2) the defendant's actions were objectively unreasonable in light of clearly established law at the time of the violation. *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (citing *Freeman v. Gore*, 483 F.3d 404, 410-11 (5th Cir. 2007)). In conducting the qualified immunity analysis, courts usually adopt the plaintiff's version of the facts, unless the plaintiff's version is blatantly contradicted by the record. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

In the prison context, the Supreme Court has held that the "unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (emphasis added) (internal quotations omitted). The Court has further held that "[a]mong 'unnecessary and wanton' inflictions of pain are those that are 'totally without penological justification.'" *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). It is not necessary that a prisoner suffer serious injury, the prisoner needs only to suffer more than a de minimis injury to make out an excessive force violation. *Id.* at 4. In addition to considering the extent of the injury suffered, the Court also considers "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Id.* at 8 (citing *Whitley*, 475 U.S. at 321).

Based on Plaintiff's Complaint (Doc. 1) and the evidence presented, the Court finds that there are issues of fact that support a denial of summary judgment. First, Plaintiff alleges an injury that is sufficiently severe. According to the medical records submitted by Plaintiff, he was seen by an orthopedic physician of the LSU Health System on November 15, 2013, one day after the alleged incident, and was diagnosed with a vertical fracture in his wrist. (Doc. 20-4 at p. 2). This injury amounts to a serious injury that is considerably more than de minimis. *Williams v. Stevens*, 192 F.3d 127 (5th Cir. 1999) (unpublished) (finding "discomfort and swelling to the wrists, for which [plaintiff] did not request or receive medical treatment" as de minimis); *Johnson v. Jacobson*, No. 3:06-CV-0766-H, 2008 WL

2038882, at *6 (N.D. Tex. Apr. 28, 2008) (finding that a concussion is a serious injury).

As for the need for force, the relationship between the need for force and the amount used, the threat reasonably perceived and the efforts made to temper the severity of the response, the Court finds that there is a genuine dispute of fact on these issues when considered in the light most favorable to Plaintiff.

It is undisputed that on the date of the incident Plaintiff was sitting on a steam table and was directed by Defendant to get off the table. (Doc. 1 at ¶ 7; Doc. 20-1 (Saniford Summ. J. Decl.); Doc. 20-2 (Lecce Summ. J. Decl.); Doc. 16-3 (Barbier Summ. J. Aff. ¶ 3)). It is further undisputed that Plaintiff did not immediately abide by the order. (*Id.*).

The accounts of the incident diverge greatly, however, after Plaintiff did not adhere to Defendant's order. According to Defendant, he did not respond to Plaintiff disobeying his order, but rather, he ignored Plaintiff and continued to place other inmates in their cells in the B-Tier and later in the A-Tier. (Doc. 16-3 (Barbier Summ. J. Aff. ¶¶ 4-7)). Notably, Defendant asserts that he walked passed Plaintiff after Plaintiff disobeyed his order, but did not engage Plaintiff verbally or physically to maintain or restore discipline. (*Id.*). Defendant asserts that Plaintiff independently fell off the table and hurt his wrist while Defendant was placing inmates in their cells in the A-Tier. (*Id.* at ¶ 7).

Conversely, Plaintiff claims that Defendant immediately grabbed his legs and pulled him onto the concrete floor directly after he did not follow Defendant's order. (Doc. 1 at ¶ 7). Plaintiff submitted two declaration that directly support his version of the incident.[5] (Doc. 20-1 (Saniford Summ. J. Decl.); Doc. 20-2 (Lecce Summ. J. Decl.)). Defendant did not seek a proportional, non-physical response to Plaintiff's disobedience, but immediately escalated his response to physical force that resulted in a severe injury.

Due to the competing and conflicting facts set forth in the declarations and Defendant's affidavit, a disputed issue of fact as to whether any force was applied is prominent in this litigation. *See Sharp v. McWilliams*, 214 F.3d 1349 (5th Cir. 2000) (dismissing appeal because lower court denied summary judgment based on a competing declaration and affidavit that created an issue of fact). Furthermore, the Court is required under Fifth Circuit precedent to accept Plaintiff's version of the incident as true. *See e.g., Comeaux v. Sutton*, 496 F. App'x 368, 370 (5th Cir. 2012); *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir.) *decision clarified on reh'g*, 186 F.3d 633 (5th Cir. 1999). Accepting Plaintiff's version as true, Defendant's actions amount to a violation of Plaintiff's clearly established constitutional right to be free from excessive force. As such, the summary judgment on this claim is denied, and Defendant's defense of qualified immunity must be denied.

---

[5] Plaintiff submitted five declarations, but only two of the declarants stated that they saw the entire course of events that allegedly led to Plaintiff's injury.

### C. State Law Negligence Claim

Defendant asserts that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law negligence claim if the Court dismisses Plaintiff's claim under §1983. As the Court did not grant summary judgment on the §1983 claim, Defendant's request for the Court to decline supplemental jurisdiction is denied as moot.

## IV. CONCLUSION

**IT IS ORDERED** that the Defendant's **Motion for Summary Judgment (Doc. 16)** is **DENIED**.

Baton Rouge, Louisiana, this 13th day of January, 2016.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA